Ruffin, Chief Justice.
 

 The reason why the witness might be regarded as a member of the firm, is, that it might be deceptive on persons dealing with it, if he were not so to be treated. Here are two firms of the same name; the one consisting of two persons; and the other of those same two and a third; and both doing business, it may be said, at the same place. In a case in which the question involved the interest of third persons, and was, whether this witness was chargeable to third persons on all the contracts made in the name of such a firm, the reason just mentioned would seem to be decisive for holding him liable; and that, whether he had in fact an interest in the subject of the particular contract or not, since he professed to have such interest, and induced others to think he had. But, in the case before us, the question is different. A creditoi- is not seeking to charge this person with a debt, or any liability on behalf of the partnership. The negro the defendant sold was paid for; and this is a suit against the vendor by the partnership; and the question is merely as to the competency of the witness. That depends, not upon the principle that a creditor of the firm might treat him as one liable for the debt — for that might be done, though this man had no interest; but it depends on the enquiry, whether in fact and law the witness
 
 has an interest
 
 in the subject of this suit, and can be affected by the verdict and judgment. Now, upon that point, and in this stage of the case, the statement of the witness must be received by the court as true; and that statement is, that, as between the parties themselves, this witness whs not a partner in this purchase, and has no interest in the matter. Consequently, it seems clear that he is a competent witness; and his evidence
 
 *115
 
 must be left to the jury, who will judge of his credibility upon this point, as upon every other.
 

 Judgment reversed and
 
 venire de novo.
 

 Per Curiam. Juigment reversed.